IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. ROGERS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>BANK OF AMERICA, N.A., )<br>)<br>    Defendant. ) | Civil No. 10-cv-0375-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    **I.**    **Introduction and Procedural Background**

In May 2009, Charles Rogers filed suit in the Circuit Court of St. Clair County, Illinois, against Bank of America, N.A. ("the Bank"). The matter proceeds on Rogers' amended complaint, which alleges as follows.

Between November 9, 2005, and the present time, Rogers had a checking account with the Bank. Under the agreement between Rogers and the Bank, the Bank would properly credit deposits made to his account and would not withdraw money from his account except as authorized in writing and would not charge his account for services except as authorized under the agreement. In violation of the agreement and acting in bad faith, the Bank on numerous occasions failed to credit Rogers' checking account for direct deposits made to that account by the United States on the date of receipts and made unauthorized charges to Rogers' account which it termed "overdraft charges," when, in point of fact, the account was not overdrawn.

The overdraft charges had the effect of putting the account into a deficit

status resulting in additional checks written by Rogers being returned to the payee. Despite numerous requests, the Bank failed and refused to rectify Rogers' account or to return the funds misappropriated and misapplied. As a result, Rogers was required to pay fees to the payees. Moreover, his credit status was severely damaged, and he is unable to obtain credit or loans, resulting in severe financial losses. His reputation has been damaged, and he has and will in the future suffer severe emotional distress. He has had to withdraw from school and has lost other valuable assets as a result of the loss of funds and credit.

Rogers' state court complaint contains claims for breach of contract, negligence, violation of the Uniform Commercial Code, violation of the Electronic Fund Transfer Act and violation of the Illinois Consumer Fraud Act. On May 20, 2010, the Bank removed the action to this United States District Court, which enjoys subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441.

On June 23, 2010, the Bank moved to dismiss Rogers' amended complaint under Federal Rule of Civil Procedure 12(b)(6)(Doc. 12). The Court now rules on the Bank's motion to dismiss, which is fully briefed.

## II. Applicable Legal Standards

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief can be granted. ***Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009).** Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007);** *EEOC v.*

*Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

In *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008), the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* *Accord Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)("surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations "must be enough to raise a right to relief above the speculative level").

### III. Analysis

#### A. Count 1 - Breach of Contract

The Bank submits that all counts should be dismissed because the amended complaint fails to allege sufficient facts to satisfy pleading requirements. Rogers responds that the pleading standard is relative to the circumstances of the claims and that this action presents no complex theories of liability or defense that would support a heightened pleading standard.

The Bank's first argument is without merit. Rogers' claims, as set forth above, provide sufficient detail to give the Bank fair notice of what his claims are, the grounds upon which they rest and to show that he is plausibly entitled to relief. Indeed, his claims could scarcely be more detailed since he provides specific dates on which he alleges the overdraft charges were made *and* attaches copies of his bank statements.

The Bank next contends that Count 1 must be dismissed since Rogers' alleged million-dollar damages are nothing more than consequential damages which cannot be recovered under the terms of the deposit agreement. It is uncontroverted that the overdraft fees did not amount to $1,000,000. According to the Bank, Rogers' alleged damages - consisting of damage to his credit status, inability to obtain loans, damage to his reputation and severe emotional distress - are special, incidental or consequential damages which Rogers agreed that the Bank would not be responsible for under the express terms of the deposit agreement. Under the heading "Indemnification and Limitation of Liability," the deposit agreement expressly provides, "We are not liable for special, incidental, exemplary, punitive or consequential losses or damages of any kind."

Rogers responds that there is no authority for the Bank's contention that a complaint for breach of contract or any other type of injury is subject to dismissal after removal for failure to plead damages with particularity. Rogers submits that a bank's responsibility for lack of good faith or failure to exercise ordinary care cannot be disclaimed by the parties, nor can damages for such failings be limited by agreement.

**810 ILCS 5/4-103(a)** provides,

The effect of the provisions of this Article may be varied by agreement, but

> the parties to the agreement cannot disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care or limit the measure of damages for the lack or failure. However, the parties may determine by agreement the standards by which the bank's responsibility is to be measured if those standards are not manifestly unreasonable.

The Court cannot determine on the record before it whether the Bank acted in good faith and exercised ordinary care in properly crediting Rogers' checking account for direct deposits made to that account and in making "overdraft charges" to his account. As a result, the Court finds that Count 1 satisfies pleading requirements and that the damages sought may be recoverable.

### B.    Count 2 - Negligence

The Bank submits that Count 2 should be dismissed because (1) it suffers from the same pleading defects as Count 1; (2) it fails to allege a duty as a matter of law; (3) the alleged damages are either barred by the economic loss doctrine or were not proximately caused by the alleged breach; and (4) the alleged damages are barred by the terms of the deposit agreement.

For the reasons set forth above, the Bank's first and fourth arguments fail. So, the Court will consider whether Count 2 fails to allege a duty as a matter of law and whether the alleged damages are either barred by the economic loss doctrine or were not proximately caused by the alleged breach.

The Bank submits that Rogers cannot recover his economic loss - such as the recovery of overdraft fees or loss of loans - under a tort theory or other non-contractual remedy.

Relying on the Illinois Supreme Court case, *Congregation of the Passion,*

*Holy Cross Province v. Touche Ross & Co.*, **636 N.E. 2d 503 (Ill. 1994)**, the Seventh Circuit Court of Appeals explained that "a bank's failure to observe ordinary care in handling its customer's transactions may support a tort claim...." *Mutual Service Cas. Ins. Co. v. Elizabeth State Bank,* **265 F.3d 601, 618 (7th Cir. 2001) (citing 636 N.E. 2d at 514)**. "[T]he law has long imposed on banks a duty of reasonable care,... and that duty is so entrenched that the UCC does not permit the parties to a banking contract to abandon it. *Id.* **(citing 810 Ill. Comp. Stat. 5/1-103(a) (internal citation omitted)**. Exercising care in properly crediting deposits to a customer's account so that improper overdraft charges are avoided is a widely-recognized part of this duty of care. Arguably, then, a breach of that duty would support a negligence claim in Illinois.

The Bank also contends that its alleged breach was not the proximate cause of Rogers' alleged damages because it was not reasonably foreseeable that Rogers would suffer such extraordinary damages from the imposition of overdraft fees. The Bank does not develop this argument, and understandably so. Illinois law provides, "The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount that could not have been realized by the exercise of ordinary care. If there is also bad faith it includes any other damages the party suffered as a proximate consequence." **810 ILCS 5/4-103(e)**. Consequently, if Rogers can show bad faith, the Bank may be liable for other damages. The amount of such damages, if recoverable, cannot be determined at this juncture.

In sum, Rogers has stated a claim for negligence sufficient to withstand the Bank's motion to dismiss.

### C. Count 3 - Violation of the Uniform Commercial Code

Here, the Bank simply asserts that the complaint does not allege that the Bank wrongfully dishonored any items or checks. So, according to the Bank, his claim under 810 ILCS 5/4-402, which applies to wrongful dishonor of an item or check, must be dismissed.

In fact, the wrongful dishonor of items or checks is central to Rogers' complaint. Rogers' Amended Complaint states, "The aforesaid overdraft charges had the effect of further putting Plaintiff's account into a deficit status resulting in additional checks written by Plaintiff on said account to be returned to the payee, as indicated in Schedule B attached hereto and made a part hereof." Amended Complaint, ¶ 5. That allegation pleads sufficient facts to state a claim for violation of 810 ILCS 5/4-402.

### D. Count 4 - Electronic Fund Transfer

Rogers does not dispute the Bank's contention that this complaint was filed outside the statute of limitations for this theory of liability. Accordingly, the Court will dismiss Count 4.

### E. Count 5 - Illinois Consumer Fraud Act

The Bank submits that Count 5 must be dismissed because it fails to state a claim under the Illinois Consumer Fraud Act ("ICFA"). The Bank maintains that what Rogers calls consumer fraud or deception is simply the Bank's failure to fulfill its contractual obligations - which is not actionable under the ICFA.

Rogers responds that the Bank did what it promised to do contractually but did it in such a way as to cause the maximum amount of fees to be generated. According to Rogers, this is not a failure to do what was promised but is instead doing what

promised in a deceptive manner. Rogers also asserts that his claims are based on negligence and violation of the UCC in addition to the contractual obligations of the Bank.

To state a claim under the Illinois Consumer Fraud Act, a plaintiff must plead: (1) a deceptive act or unfair practice by defendant, (2) the defendant's intent that the plaintiff rely on that act or practice, (3) that the act or practice occurred in the course of conduct involving trade or commerce, and (4) that the act or practice proximately caused the plaintiff's injury. *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, **250 F.3d 570, 575-76 (7th Cir. 2001);** *Galvan v. Northwestern Memorial Hospital*, **888 N.E.2d 529 (Ill. App. 2008) (citing** *Robinson v. Toyota Motor Credit Corp.*, **775 N.E.2d 951 (Ill. 2002);** *Connick v. Suzuki Motor Co.*, **675 N.E.2d 584 (Ill. 1996).** "Consumers raising ICFA claims are afforded 'far broader' protection than those who bring common law fraud claims." *Muehlbauer v. General Motors Corp.*, **431 F.Supp.2d 847, 867 (N.D.Ill. 2006) (citing** *Celex Group, Inc. v. Executive Gallery, Inc.*, **877 F.Supp. 1114, 1128-29 (N.D.Ill. 1995)).** "Moreover, courts are to liberally construe the ICFA." *Id.* **(citing** *Connick v. Suzuki Motor Co., Ltd.*, **675 N.E.2d 584, 594, (Ill. 1996))**.

Under these standards, Rogers has alleged sufficient facts to withstand the Bank's motion to dismiss.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Bank of America, N.A.'s motion to dismiss amended complaint (Doc. 12). The Court **GRANTS** the Bank's motion as to Count 4 and **DISMISSES** that Count **with prejudice**. The Court **DENIES** the Bank's motion to dismiss Counts 1-3 and 5.

**IT IS SO ORDERED.**

**DATED this 28th day of October, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**