UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. ROGERS, | ) ) ) ) |
| Plaintiff | ) ) No. 3:10-cv- 375 DRH-DGW ) |
| v. | ) ) ) |
| BANK OF AMERICA, N.A. | ) ) |
| Defendant. | ) ) ) |

## ORDER

Now pending before the Court is Defendant Bank of America's Motion to Compel Compliance With Interrogatories (Doc. 41). For the reasons stated below Defendant's Motion to Compel is **GRANTED**. Plaintiff is given until **February 28, 2011,** to supplement his answers to Defendant's interrogatories. Failure to supplement the answers may result in sanctions, which may include exclusion of evidence.

### BACKGROUND

Defendant contends that Plaintiff has not appropriately answered interrogatories propounded November 5, 2010 (Doc. 41). Defendant argues specifically that Plaintiff's responses were insufficient and evasive. Instead of a direct answer, Plaintiff frequently refers Defendant to Exhibit B to Plaintiff's complaint to find the answer to the interrogatory.[1] Defendant argues it is not required to guess which portions of the spreadsheet answer a particular interrogatory.

In response Plaintiff argues that Defendant's interrogatories are improper because they are "contention interrogatories" which have the potential for abuse and should be disallowed (Doc. 43).

---

[1] Exhibit B is a spreadsheet created by Plaintiff detailing his banking transactions with Defendant in 2005 and 2006.

Plaintiff also contends that conversations that occurred outside the interrogatories explain the spreadsheet, and that he has provided a release of his VA medical records.

## DISCUSSION

Under Fed. R. Civ. P. 33(b), each interrogatory propounded on a party "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P 33(b); Evasive or incomplete disclosures, answers, or responses are to be treated as a failure to disclose, answer or respond. *See* Fed.R.Civ.P. 37(a)(4). An interrogatory is not objectionable merely because it seeks an opinion or contention. Fed. R. Civ. P. 33(a)(2). In fact, "opinion and contention interrogatories are used routinely." Fed. R. Civ. P. 33 Advisory Committee's Notes (2007 Amendment). The Seventh Circuit allows the use of contention interrogatories for the purpose of "smoking out" what exactly a plaintiff is charging or stands to recover. *In re Ocwen Loan Servicing*, 492 F.3d 638, 641 (7th Cir. 2007); *Meridian Sec. Ins. Co. V. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The Court has discretion in deciding if or when a party must answer contention interrogatories. Fed. R. Civ. P. 33(a)(2) ("the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.")

In considering the foregoing, the Court finds that the contention interrogatories propounded to Plaintiff are proper in this case at this time where the underlying allegations involve improper entries of credits and debits to Plaintiff's account at Defendant's bank. Defendant has a right to flesh out exactly what the Plaintiff is claiming it did wrong and upon what information the Plaintiff is basing that belief. This information would allow Defendant to prepare a response or even in a rare circumstances concede that its policies are flawed.

In reviewing Plaintiff answers to Defendant's interrogatories, the Court finds them

insufficient as more fully explained below. Therefore, due to this Court's finding that Plaintiff's answers to Defendant's interrogatories are insufficient, and Defendant's use of contention interrogatories allowable, this Court hereby **GRANTS** Defendant's motion to compel and **ORDERS** specifically as follows:

Interrogatory No. 1: Defendant seeks information about documents supporting Plaintiff's claim that Defendant failed to timely credit his account. In response, Plaintiff refers Defendant to "Exhibit B to Plaintiff's Amended Complaint." As stated above, Exhibit B is the spreadsheet prepared by the Plaintiff. This spreadsheet appears to the Court to be a compilation of Plaintiff's transactions for an account with Defendant's bank during the 2005 and 2006. A simple reference to Exhibit B does not sufficiently answer the interrogatory because it requires Defendant to make guesses about which transactions Plaintiff is complaining. This is not fair to Defendant. This Court orders Plaintiff to identify transactions responsive to the interrogatory. It is insufficient to refer Defendant to unspecified portions of Exhibit B to Plaintiff's Amended Complaint. If Plaintiff does not have any such information, Plaintiff should so state.

Interrogatory No. 2: Defendant seeks information regarding Plaintiff's claim that Defendant failed to timely make funds available and asks him to identify when those funds should have been available to him. In response, Plaintiff again refers Defendant to "Exhibit B to Plaintiff's Amended Complaint." For the reasons stated above, this answer in insufficient. Plaintiff is ordered to properly respond to this interrogatory. If no such information exists, Plaintiff should so state. It is insufficient to refer Defendant to unspecified portions of Exhibit B to Plaintiff's Amended Complaint.

Interrogatory Nos. 3 and 4: Defendant seeks information regarding Plaintiff's claim that

Defendant wrongfully assessed overdraft fees and whether the Plaintiff obtained a refund of those fees he claims were improperly assessed. For the reasons stated above, Plaintiff's reference to "Exhibit B" in insufficient. Plaintiff is ordered to properly respond to this interrogatory. If no such information exists, Plaintiff should so state. It is insufficient to refer Defendant to unspecified portions of Exhibit B to Plaintiff's Amended Complaint.

Interrogatory No. 5: Defendant seeks information about Plaintiff's claim that Defendant wrongly dishonored checks or other items. Again, Plaintiff's reference to "Exhibit B" is insufficient. The Court orders Plaintiff to identify any documents responsive to the interrogatory. If no such documents or information exist, Plaintiff should so state. It is insufficient to refer Defendant to unspecified portions of Exhibit B to Plaintiff's Amended Complaint.

Interrogatory No. 6: Defendant seeks information regarding the amount of Plaintiff's claimed loss. In response to interrogatory No. 6, Plaintiff states the loss was the "penalty charged for each transaction." This Court orders Plaintiff to properly respond to the interrogatory. If no such information exists, Plaintiff should so state. It is insufficient to merely state the loss was the "penalty charged for each transaction." Plaintiff must state the alleged amount, as well as the calculation for said alleged amount.

Interrogatory No. 7: Defendant seeks information regarding whether Plaintiff protested the allegedly improper charges as required under the account agreement. In response to interrogatory No. 7, Plaintiff states that he contacted the Defendant "each time he became aware" of a dishonor or improper charge. This response is not specific enough and is therefore insufficient. Plaintiff is ordered to properly respond to the interrogatory. If no such information exists, Plaintiff should so state. Plaintiff's answer to interrogatory No. 7 should state the exact dates he became aware of any

improper charges, date of communication with Defendant, and whether communication with the Defendant was oral or written.

Interrogatory No. 11: Defendant seeks information regarding whether Plaintiff obtained medical treatment as a result of Defendant's alleged actions. In response to interrogatory No. 11, Plaintiff states an address and unspecified "doctors" who provided him treatment. This Court orders Plaintiff to specifically identify providers and dates upon which services were provided. Plaintiff's answer to interrogatory No. 11 is insufficient as it fails to provide the contact information requested, dates of treatment or medical authorization as requested.

## CONCLUSION

Defendant's Motion to Compel is **GRANTED**. Plaintiff is given until **February 28, 2011,** to supplement his answers to interrogatories. Failure to supplement the answers may result in sanctions, which may include exclusion of evidence.

**IT IS SO ORDERED.**

**DATED: February 15, 2011**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**